UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-00676-FDW-SCR

| | |
|---|---|
| **POPPI KUSH SWINDELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **CHARLOTTE MECKLENBURG BOARD** ) | |
| **OF EDUCATION,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court *sua sponte* reconsidering the Court's ruling on Defendant's Motion to Consolidate, (Doc. No. 14), which requested the Court consolidate the instant case with the subsequently filed action in Swindell v. Charlotte Mecklenburg Board of Education, 3:22-cv-291 ("Second Case"). Plaintiff, who appears pro se, opposed this motion, (Doc. No. 15). The Court initially denied the Motion in a text-only order and noted it was without prejudice to be refiled after the conclusion of the PSAP settlement conference. The PSAP settlement conference concluded and resulted in an impasse. Defendant did not refile the motion; however, Rule 42(a) of the Federal Rules of Civil Procedure permits the Court to "consolidate the action; or . . . issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Court sua sponte considers and concludes consolidation is appropriate here.

In both cases, Plaintiff alleges causes of action against Defendant arising out of his employment. The instant case, which Plaintiff filed first, indicates it is filed pursuant to the Americans With Disabilities Act of 1990 and alleges causes of action for: (1) failure to accommodate, (2) unequal terms and conditions of employment, and (3) retaliation based on

disability or perceived disability. (Doc. No. 8). The Second Case also indicates it is filed pursuant to the Americans With Disabilities Act of 1990 and asserts a claim for retaliation based on acts that occurred after Plaintiff filed this initial action. (3:22-cv-291 (Doc. No. 1)). Because the two cases involve common questions of law and fact, and for purposes of judicial economy, consolidation is appropriate. See Fed. R. Civ. P. 42(a).

In addition, the Court notes that joinder of the issues has occurred in both cases such that both cases are ripe for a Conference of the Parties pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The parties are hereby DIRECTED to confer pursuant to Rule 26 within twenty-one days of this Order and submit a Rule 26(f) report in accordance with the Federal Rules of Civil Procedure, Local Rules, and this Court's Standing Orders.

IT IS THEREFORE ORDERED that the Second Case, 3:22-cv-291, shall be consolidated with the instant case, and the Clerk of Court is respectfully directed to file a copy of this Order in both cases and close the Second Case.

IT IS FURTHER ORDERED that the parties shall confer pursuant to Rule 26 within twenty-one days of this Order and submit a Rule 26(f) report in accordance with the Federal Rules of Civil Procedure, Local Rules, and this Court's Standing Orders.

IT IS SO ORDERED.

Signed: April 20, 2023

_____
Frank D. Whitney
United States District Judge