UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-00676-FDW-SCR

| | |
|---|---|
| POPPI KUSH SWINDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLOTTE MECKLENBURG BOARD ) | |
| OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Compel Production of Documents, (Doc. No. 78). This matter has been fully briefed, (Doc. Nos. 87, 88), and is ripe for ruling. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to compel production of documents concerning Plaintiff's sources of income and DEFERS ruling on Defendant's Motion to compel production of medical documents over which Plaintiff claims psychotherapist-patient privilege. The Court will rule on the balance of Defendant's Motion after conducting *in camera* review of the purportedly privileged documents.

Defendant moves to compel production of "all documents related to Plaintiff's disability benefits, including application materials" under Federal Rule of Civil Procedure 37. (Doc. No. 78.) This includes: (1) all documents concerning Plaintiff's income from any disability or other government benefit from the start of Plaintiff's employment with Defendant in 2009 through the present, and (2) certain medical documents submitted in support of Plaintiff's long-term disability application. Plaintiff asserts the medical documents Defendant seeks are protected by the psychotherapist-patient privilege. (Doc. No. 87.) Further, he argues Defendant's request for documents related to his income is irrelevant and disproportionate to the needs of the case.

1

Rule 37 governs motions to compel discovery. Fed. R. Civ. P. 37(a). It does not expressly limit motions to compel to the discovery period or provide any other time limitation. However, it is this Court's responsibility to impose a discovery cut-off under Federal Rule of Civil Procedure 16(b), and it did so. The discovery period expired on November 29, 2023. (Doc. No. 30.) And courts have discretion to determine whether a motion to compel was filed within a "reasonable time." See Lane v. Lucent Techs., Inc., No. 1:04-cv-00789, 2007 WL 2079879, at *3 (M.D.N.C. July 13, 2007) (citing Gault v. Nabisco Biscuit Co., 184 F.R.D. 620 (D. Nev. 1999)). When "the moving party has unduly delayed, the court may conclude that the motion is untimely." Id. "Generally, a party must file a motion to compel before the close of discovery in order for the motion to be deemed timely." Id.; See also 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2285 (3d ed. 1998).

Here, Defendant filed its motion to compel well after the close of discovery, and after the Court disposed of the parties' motions for summary judgment. Defendant presents no compelling reason for delay in moving to compel production of documents relating to Plaintiff's income from disability or other government-funded benefits. Based on Defendant's own summary judgment briefing, it was aware before the close of discovery that Plaintiff was receiving short-term disability benefits through the State of North Carolina. (See Doc. No. 49-3, pp. 9–10.) To the extent Defendant asserts Plaintiff failed to comply with his discovery obligations, Rule 37 provides other remedies for such non-compliance. Fed. R. Civ. P. 37(c). But it does not excuse Defendant's own undue delay in filing its Motion. The Court DENIES Defendant's Motion as to documents relating to Plaintiff's sources of income other than his recent award of long-term disability benefits.

With respect to Plaintiff's long-term disability benefits, the Court understands from the record that Plaintiff's application for long-term disability was only recently approved. (See Doc.

Nos. 78, 78-4, 87.) Consistent with Plaintiff's obligation to supplement his discovery responses, the Court GRANTS Defendant's Motion and ORDERS Plaintiff to produce documents relating to *payment* of long-term disability benefits from the State of North Carolina for which he was approved on July 17, 2024.

Defendant contends it was delayed in requesting the medical records supporting Plaintiff's long-term disability application because counsel was unaware Plaintiff submitted those records until his long-term disability application was granted in July 2024. Then, Defendant was delayed in filing the Motion to Compel while counsel endeavored to comply with Rule 37's conferral requirement and allowed Plaintiff, who is *pro se*, a reasonable time to research the question of privilege.[1] For these reasons, the record supports that Defendant's Motion was not unduly delayed.

There remains Plaintiff's assertion of psychotherapist-patient privilege over the medical records. The Court concludes it cannot dispose of this objection on the papers. The Court ORDERS Plaintiff to bring with him to the pretrial conference two (2) copies of each document responsive to Defendant's request for production of documents submitted in support of his long-term disability application over which he asserts psychotherapist-patient privilege. The Court will conduct *in camera* review of the documents and determine whether the privilege applies.

**IT IS THEREFORE ORDERED** that Plaintiff must produce to Defendant copies of all documents related to *payment* of long-term disability benefits from the State of North Carolina he was awarded on July 17, 2024.

---

[1] The Court notes the Local Rules in this District refer discovery motions to the United States Magistrate Judge assigned to this case. Magistrate Judge Susan Rodriguez's Standing Order states: "Before filing a motion to compel or any other motion related to a discovery dispute, the parties are required to schedule and submit to an informal conference with the Court. . . . A motion to compel or any other motion may only be filed, if needed, after the informal conference." Due to the proximity in time to trial, the Court removed the referral of Defendant's Motion, but notes it does not appear Defendant complied with the Magistrate Judge's Standing Order before filing the Motion.

**IT IS FURTHER ORDERED** that Plaintiff must bring two (2) copies of each document over which he asserts psychotherapist-patient privilege to the pretrial conference, which will take place immediately after docket call at 9:00 a.m. on September 9, 2024.

**IT IS FURTHER ORDERED** that the Clerk of Court is respectfully directed to SEAL pages 8 and 9 of Plaintiff's Response in Opposition, (Doc. No. 87), to Defendant's Motion to Compel because these pages contain confidential settlement negotiations.

**IT IS SO ORDERED.**

Signed: September 3, 2024

Frank D. Whitney
United States District Judge