UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-00676-FDW-SCR

| | |
|---|---|
| POPPI KUSH SWINDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLOTTE MECKLENBURG BOARD ) | |
| OF EDUCATION, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Compel Production of Documents, (Doc. No. 78). This matter has been fully briefed, (Doc. Nos. 87, 88), and is ripe for ruling. Previously, the Court granted in part and denied in part the Motion. (Doc. No. 90.) The Court deferred ruling on part of the Motion pending *in camera* review of certain documents over which Plaintiff claims psychotherapist-patient privilege. Plaintiff complied with the Court's Order and brought two (2) copies of the medical records submitted in support of his application for long-term disability benefits to Docket Call. The Court has carefully reviewed the documents and, for the following reasons, GRANTS the balance of Defendant's Motion to Compel and ORDERS Plaintiff to produce the documents at issue to Defendant as soon as practicable.

The Court set forth the standard governing a motion to compel under Federal Rule of Civil Procedure 37 in its prior Order, (Doc. No. 90). With respect to Plaintiff's medical records specifically, the Supreme Court has held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." Jaffee v. Redmond, 518

1

U.S. 1, 15 (1996). "Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege." Id. at 17. However, in certain circumstances, the privilege may be waived, either expressly or impliedly. The United States Court of Appeals for the D.C. Circuit's decision in Koch v. Cox is instructive on the issue of implied waiver. 489 F.3d 384 (D.C. Cir. 2007). Comparing the psychotherapist-patient privilege to the well-established attorney-client privilege, the court concluded a patient "would waive the psychotherapist-patient privilege when he sues the therapist for malpractice, or *relies upon the therapist's diagnosis or treatment in making or defending a case*." Id. at 389. In Koch, the plaintiff—who asserted a claim under the Americans with Disabilities Act—did not impliedly waive the privilege because his claims were based on physical disabilities, and he sought no emotional distress damages. Id. at 391.

Here, too, an element of Plaintiff's remaining claim is that he was disabled. Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013). But the record demonstrates the disability, or disabilities, at issue involve Plaintiff's mental health. While Plaintiff argues the documents at issue are not relevant because they were produced in 2024, the Court's review of the records indicates they concern the same mental health diagnoses that support Plaintiff's failure to accommodate claim. Indeed, the documents refer back to Plaintiff's "initial visit" as to one of his diagnoses, which occurred in April 2020, the exact time-period at issue here. For these reasons, the Court concludes Plaintiff impliedly waived the psychotherapist-patient privilege over medical records addressing his mental health by asserting his claim for failure to accommodate. Cf. Morgan v. AMISUB (SFH), Inc., No. 18-cv-2042, 2020 WL 4274586, at *3 (W.D. Tenn. July 24, 2020) (declining to compel disclosure of mental health records in an ADA case where the plaintiff's

2

Case 3:21-cv-00676-FDW-SCR   Document 95   Filed 09/09/24   Page 2 of 3

alleged disability was physical). However, the Court is conscious that these records are sensitive and confidential. For that reason, the Court will order their production subject to a protective order.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel, (Doc. No. 78), is GRANTED IN PART.

**IT IS FURTHER ORDERED** that Plaintiff is ORDERED to produce to Defendant the medical documents supporting his application for long-term disability benefits that he delivered to the Court on Monday, September 9, 2024, as soon as practicable.

**IT IS FURTHER ORDERED** that the documents at issue shall be marked as **CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER** and be subject to this Court's Standing Protective Order, 3:07-mc-00047, (Doc. No. 3).

**IT IS SO ORDERED.**

Signed: September 9, 2024

Frank D. Whitney
United States District Judge